# EXHIBIT 1

4/1/2021 12:56 PM
**Velva L. Price
District Clerk
Travis County
D-1-GN-21-001446
Victoria Benavides**

D-1-GN-21-001446

## CAUSE NO. _____

| | | |
|---|---|---|
| **XAVIER HERRERA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | 353rd |
| **v.** | § | ___ **JUDICIAL DISTRICT** |
| | § | |
| **PATRICK MITCHELL and** | § | |
| **SWIFT TRANSPORTATION** | § | |
| **COMPANY OF ARIZONA, LLC,** | § | |
| *Defendants.* | § | **TRAVIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** XAVIER HERRERA, hereinafter also called Plaintiff, complaining of

PATRICK MITCHELL and SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC,

hereinafter also called Defendants, and for cause of action respectfully shows the Court the

following:

### DISCOVERY CONTROL PLAN LEVEL

    1.    Pursuant to Rule 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff intends

to conduct discovery under Discovery Level 3.

### PARTIES AND SERVICE

    2.    Plaintiff, Plaintiff XAVIER HERRERA ("Plaintiff"), is an individual and resident

of the State of Texas.

    3.    Defendant, PATRICK MITCHELL ("Defendant Mitchell"), is an individual and

resident of the State of Mississippi who may be served with process pursuant to TEXAS RULE OF

CIVIL PROCEDURE 106(a) by delivering to Defendant, in person, and/or mailing to Defendant by

registered or certified mail, return receipt requested, a true copy of the citation and petition at her

residence: **1309 Topp Avenue, Jackson, Mississippi 39204;** or wherever Defendant may be

found.  **In the alternative, Defendant Mitchell may be served with process pursuant to** §17.062(a) of the TEXAS RULE OF CIVIL PROCEDURE by serving the chairman of the Texas Transportation Commission. ***Issuance of citation is requested at this time.***

4.      Defendant, SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC ("Defendant Swift"), is a corporation authorized to do business in and doing business in the State of Texas and may be served with process by serving its registered agent: **National Registered Agents, Inc. at 1999 Bryan Street, Suite 900 Dallas, Texas 75201** or wherever Defendant may be found. Issuance of citation is requested at this time.

<u>**RULE 28 NOTICE**</u>

5.      At all times relevant to this lawsuit, Defendant Swift is believed to have owned, operated, and/or done business as SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC an assumed name business.  Plaintiff brings his action against SWIFT TRANSPORTATION COMPANY OF ARIZONA, LLC and its aliases and relies upon Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify this Defendant.  Pursuant to Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant's true name may be substituted upon motion by any party or upon the Court's own motion.

<u>**JURISDICTION & VENUE**</u>

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This court has personal jurisdiction over Defendant Mitchell pursuant to §17.042(2) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because Defendant Mitchell committed a tort in the State of Texas.

8.      This court has personal jurisdiction over Defendant Swift because they are a corporation that is authorized to do business in and are doing business in the State of Texas.

9.      Venue in Travis County is proper in this cause under §15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Travis County.

## FACTS

10.      This lawsuit arises from a motor vehicle collision that occurred on or about April 16, 2019 at or near IH-35 in Austin, Travis County, Texas.

11.      On or about that date, Plaintiff was lawfully travelling on IH-35. At the same time and place Defendant Mitchell was travelling on IH-35 behind Plaintiff, when suddenly and without warning, Defendant Mitchell failed to maintain an assured clear distance forcefully rear-ending Plaintiff's vehicle.

12.      The collision was directly and proximately caused by the negligent acts and/or omissions of Defendant Mitchell as stated further herein.

13.      As a direct and proximate result of the collision, Plaintiff sustained serious injuries and damages as stated further herein.

14.      Defendant Swift owned and/or leased the vehicle that Defendant Mitchell was driving at the time of the collision. Upon information and belief, Defendant Mitchell was in the course and scope of his employment with Defendant Swift at the time of the collision.

## RESPONDEAT SUPERIOR

15.      At all times mentioned herein and material hereto, Defendant Mitchell was acting within the course and scope of his employment as an agent, servant, and/or employee of Defendant Swift. At all times mentioned herein and material hereto, Defendant Mitchell was acting within the scope of his authority, in furtherance of Defendant Swift's business, and for the

accomplishment of the object for which he was hired.  Consequently, Defendant Swift is liable to

Plaintiff under the doctrine of *respondeat superior* for the negligent acts and/or omissions of

Defendant Mitchell, which directly and proximately caused the personal injuries and other

damages sustained by Plaintiff.

<u>**NEGLIGENCE OF DEFENDANT MITCHELL**</u>

**I.      General Negligence**

10.     At the time of the incident, Defendant Mitchell had the duty to exercise ordinary

care in operating a motor vehicle and to act as a reasonably prudent operator.  Defendant Mitchell

breached those duties in one or more of the following ways:

        a.  Failing to control his speed;
        b.  Failing to timely apply the brakes;
        c.  Failing to maintain an assured clear distance;
        d.  Failing to avoid striking Plaintiff;
        e.  Failing to keep a proper lookout;
        f.  Failing to take proper evasive action; and
        g.  Driving inattentively.

11.     Each and all of the above acts and/or omissions constitute negligence and were the

direct and proximate cause of the incident that forms the basis of this lawsuit.  Each and all of the

above acts and/or omissions directly and proximately caused the injuries and damages suffered by

Plaintiff, which form the basis of this lawsuit.

12.     Plaintiff reserves the right to plead more specific acts and/or omissions in the future.

**II.     Negligence Per Se**

13.     Pursuant to the negligence per se doctrine, Defendant Mitchell failed to exercise

the mandatory standard of care in violation of TEXAS TRANSPORTATION CODE §545.401 and

§545.062(c) by:

a.    Driving a vehicle in willful or wanton disregard for the safety or persons or property in violation of TEXAS TRANSPORTATION CODE §545.401; and

b.    Failing to allow sufficient space between the operator and the vehicle preceding the operator in violation of TEXAS TRANSPORTATION CODE §545.062(c).

14.    Each and all of the above acts and/or omissions constitute negligence and were the direct and proximate cause of the incident that forms the basis of this lawsuit. Each and all of the above acts and/or omissions directly and proximately caused the injuries and damages suffered by Plaintiff, which form the basis of this lawsuit.

15.    Plaintiff reserves the right to plead more specific acts and/or omissions in the future.

## DAMAGES

16.    As a result of the negligence of Defendant Mitchell, Plaintiff sustained injuries and other damages. Accordingly, Plaintiff respectfully requests that the trier of fact determine the amount of her damages and award Plaintiff compensation for the following:

a.    Past and future medical expenses;
b.    Past and future physical pain and suffering;
c.    Past and future mental anguish;
d.    Past and future physical impairment;
e.    Past lost wages and future loss of earning capacity;
f.    Pre-judgment and post-judgment interest; and
g.    Taxable court costs.

17.    Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief of over $1,000,000 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees.

## JURY DEMAND

18.    Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby demands a jury trial.

**REQUIRED DISCLOSURES**

19.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are required to disclose the information and materials described in Rule 194.2(b) of the TEXAS RULES OF CIVIL PROCEDURE within thirty (30) days of date that each Defendant's Original Answer is filed.

**RULE 193.7 NOTICE**

20.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby gives notice that any and all documents produced by any party to this cause in response to a written discovery request are self-authenticating and may be used at any pretrial proceeding or at the trial of this matter.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and for such other and further relief to which Plaintiff may be entitled at law or in equity.

[*SIGNATURE BLOCK ON NEXT PAGE*]

Respectfully submitted,

**DAVID KOMIE LAW, LLC**

/s/ *Casey J. Archer*
David A. Komie
State Bar No. 00795998
david@davidkomie.law
Casey J. Archer
State Bar No. 24117161
casey@davidkomie.law
Bertha A. Faudoa
State Bar No. 24116343
bertha@davidkomie.law
8656 West Highway 71
Building F, Suite 170
Austin, Texas 78735
(512) 338-0990
(512) 338-0992 [fax]

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bertha Faudoa on behalf of Casey Archer
Bar No. 24117161
Bertha@davidkomie.law
Envelope ID: 52057716
Status as of 4/6/2021 10:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Casey Archer | | casey@davidkomie.law | 4/1/2021 12:56:03 PM | SENT |
| Ruby Zavala | | ruby@davidkomie.law | 4/1/2021 12:56:03 PM | SENT |
| Bertha Faudoa | | bertha@davidkomie.law | 4/1/2021 12:56:03 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 52573921
Status as of 4/20/2021 8:31 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bertha Faudoa | | bertha@davidkomie.law | 4/19/2021 9:08:57 AM | SENT |